Mr. Sabolt for the affiliate. Good morning. Mr. Vyner was charged and convicted under the wrong statute. Section 1543 addresses the conduct that he admitted, which is altering a passport. And that section applies to any passport, whether or not it's valid and unexpired. Congress did not include passports in 1546 for a few reasons. They didn't include it along with visas, work permits, border crossing cards, and ailing registration cards because the previous four statutes specifically addressed passport misconduct. In fact, 1546 is the only statute in that section that does not address passports. So the previous earlier statutory provisions address possession of a fraudulent passport? Yes. Which one? I didn't read any of your text to cover. Section 1543 penalizes making forgery and counterfeiting, altering any passport. Yeah, but that's not possession. What Mr. Vyner did, what he admitted to doing, was inserting his own photograph into a passport, which is altering a passport. If you look at 8 U.S.C. 1182, which is included in our addendum to our brief, you'll see that Congress refers to visas, border crossing cards, and the like as entry documents. And they separately refer to passports as identity and nationality documents. In 1546, it refers to documents that are prescribed by statute or regulation for entry or stay in the United States. I guess I want to get back to the statement of offense on page 2, paragraph 4, says that he admits to possessing a passport. I get that these other statutory provisions mention passports, and it certainly is interesting that 1546 does not. But I didn't see any of those other ones providing a basis for a conviction for possession, which I think is what the statement of offense says is going on here. Well, be that as it may, 1546's argument still does not apply. And certainly the offense that he admitted at the guilty plea falls under 1543. I agree that it did not include possession. Either way, you have a statutory argument here. It all has to go through the lens of ineffective assistance of counsel. Correct. And so given the ambiguities we've already been discussing, how could it be ineffective? And given the bent of circuit precedent, how could it have been ineffective for his counsel not to have raised this issue? Because the statute very clearly does not include passports. And it is included in a group of statutes addressing passports and visas, all of which address passports except this one. Okay. I hear very clearly. Why isn't it other document prescribed by statute or regulation for entry? Do you mind if I comment on your first question further? I think that counsel could have looked at the case, the Supreme Court case Campos-Serrano, which supports our argument. Yeah, but that was a different statute. It had to be required for entry. The statute at issue here doesn't have that condition. Yes, but the analysis in Campos-Serrano supports our argument. For example, the court there supposed that INS allowed presentation of a driver's license of order and said that a driver's license, that would not change the nature of a driver's license into an entry document. It would still be a license designed to permit the person to drive. And passports are of the same ilk. Except passports have a statutory status as being a document prescribed by statute or regulation for entry into the United States. I don't think a driver's license does, does it? Passports are identity and nationality documents. And I was looking at Black's Law Dictionary last night, and one of the definitions of prescribed is to establish or create. Our statutes and laws establish documents such as visa permits and border crossing cards. They don't establish foreign passports. Those are issued by foreign governments for the purpose of identity and nationality, not for the purpose of entry into the United States. What do you do then with AUSC 1181? It seems to be a statute that makes having a passport for an immigrant, so a non-U.S. passport, a requirement for admission. But it also defines that passports as identity and nationality documents, not as entry documents. The statute, I mean, all we need is a statute that says this is a document prescribed for entry. Well, my point is that it's not prescribed for entry. And 1181 does not prescribe it because? Because foreign passports are not documents that the United States creates to allow for entry or stay into the United States. A visa is a document that is created by the United States to allow a person to enter or stay in the United States, and the passport is the document that identifies that you are the person who has permission to enter or stay in the United States. It's an identity document. I might just be wrong here. Are a lot of visas stamped directly into passports? Yes. So you can't really, in many circumstances, have a visa without a passport? No, you can. I traveled to India recently, and the visa was not in the passport. It's a separate piece of paper. Right, but in many circumstances, it's stamped into it. Yes, in many circumstances, from many countries it is. Do we know in this record, because I've only seen the cover page, whether there were visas stamped into this passport? Yes, into this Albanian passport. Even if passports are included... If you have a visa stamped into a passport, and the passport is fraudulent, doesn't that make the visa necessarily fraudulent as well? If the... If it's used by a holder of that fraudulent passport, it's a fraudulent use of that visa as well, then? The visa could be legitimately issued to a person, but then the passport is identifying the wrong person as the person who is entitled to the visa. The Congress wanted to separate the frauds out that way? I think it's very clear from the statutes that they did want to separate out entry documents, such as border crossing cards, visas, and passports that are issued by foreign governments. Even if we're wrong about 1546, and it does include passports, then you have to, using that definition of prescribed, you have to look at what's written, and what's written in the statutes, 8 U.S.C. Section 1181 and 82, is that the passport has to be valid and unexpired. And I think that very provision sort of illustrates that 1546 is not the right statute for a case like this. 1543 is. 1543 does not require that the passport be valid or unexpired. It can just be any passport. But here, under 1546, it has to be a valid passport and an unexpired passport, and this passport was not unexpired. So for that reason, also, it wouldn't fall under 1546. But I really think the more important point there is that it's more evidence that this kind of conduct does not fall under 1546. Certainly serving a sentence for a crime that you didn't commit is, by definition, prejudicial. And we ask the court to vacate Mr. Biner's conviction. If the government wants to indict him using a different statute, it can do so. Do you have authority for it being, per se, prejudicial when there is no circuit authority supporting the proposition that it's not the proper crime when, in fact, there's only adverse circuit authority? I think that that would not go to prejudice. That would go to whether counsel's representation fell below an objective standard of reasonableness. Imagine that every circuit in the country has ruled against your argument, and counsel says, Hey, there's this argument here. Nobody's buying it, except the circuit we're in. We'll say that one hasn't ruled. No one's buying it. But, you know, it's not working. I don't even think it's that good of an argument. And if you resist, then you're going to lose this plea. They're not going to give it to you, and you're going to be facing a much more severe sentence. It could be that some court at some point will take it and decide it's not a crime. I can't guarantee that, but it sure seems like a moonshot to me. That's inherently prejudicial. It turns out that counsel is wrong on the statutory interpretation issue? The court's hypothetical includes facts that aren't established here, so certainly we would need a remand to determine if that was counsel's analysis, that he would lose the plea. I thought your rule was that as long as the issue is whether or not the crime, there's even a crime that the charged crime encompasses the conduct, it's per se prejudicial. And I'm saying I'm not sure why that type of argument would inherently be. Because being convicted of a crime that you didn't commit is inherently prejudicial. And if counsel had some strategic reason that he discussed with the client about why he should plead guilty to something that he didn't commit, I suppose that would come out at a hearing. Although I think I would still argue that counsel has a duty as an officer of the court not to allow someone to plead guilty to an offense for which they're not guilty. And certainly... Well, that's sort of an interesting proposition, isn't it? Given how pleas are handled. Let me ask you just one other quick question. You haven't mentioned the regulations at all in your analysis of 1546. The regulations are included in our appendix. What I'm focusing on is the 60-day requirement. You say a passport is simply an identity document. It has nothing to do with entry. And yet, under the regulations, you have to have a foreign passport that's valid for at least 60 days in order to get into this country. So that's somewhere for you to go after your visa expires. What do you do with that regulation? I assume that that regulation sort of tracks... just passport renewal. That, you know, in our country, and I think in other countries, a passport isn't good for life. It's not an identity document for life. It has to be renewed. When you went to India, didn't you have to have a passport that was valid for at least... For six months. That's right, yes. So what the regulation says is that if you want to come into this country, you have to have a foreign passport or some other type of document. That's valid for 60 days. That's right. So what do you do with that in terms of the foreign passport being more than simply an identity document? I think that that requirement is simply a requirement that people renew their identity documents, just like we renew our driver's license. If you can't get into this country. Right, because you haven't renewed it. Well, you don't have a foreign passport that's valid for 60 days. So to that extent, doesn't it become part of the entry requirement? I'm just asking the question since it seems to me that's what the language of the regulation says, but you may have a good response. Well, I think they don't want you to be in the country entering or having an authorized stay if your passport is expired. And, you know, a tourist visa, any other... do give you either 30 days or longer to be in the country. So they don't want you to be here and suddenly have an expired identity document. It doesn't prove your identity, I suppose, if it's expired. All right, why don't we hear from Council for... Thank you. ...happily here. I'm sorry, General, did you have any questions? Good morning. Good morning. May it please the Court. David Sable on behalf of the United States. Appellant cannot demonstrate he received ineffective assistance of counsel. Judge Millett, in response to your questions, the offense conduct to which Appellant pled was possession. It was not use, it was not altering, it was not counterfeiting, although there was abundant circumstantial evidence that he's the one that had altered the document. It was possession. The offense conduct here did not fall under any of the other provisions. It was possession, just as in Ramon, where World Trade Center terrorists were caught in this country with forged Nicaraguan passports, just as in Ociemi, where the defendant was caught with a forged Nigerian passport. Here, again, not a terrorist incident, but, again, this is a person who's in the country with an altered foreign diplomatic passport. That is a document that is prescribed by statute and regulation for entry into the United States, and that's why the only two courts of appeals that had addressed this question at the time of the plea said, even strictly construing the statute, a foreign passport fell within the plain meaning of 1546. So you're relying on both 1181 and the regulations promulgated under 1181? Yes, Your Honor. So you have to track that path. I just want to be clear what the path is. So I have 1181, which we've already talked about today, and then 8 CFR 211.2A and 8 CFR 212.1. The .2 is the key one I'm focusing on. That's the 60-day. Right. That says that an immigrant needs a passport, and then 212.1 says a nonimmigrant alien needs a valid unexpired visa and an unexpired passport. I mean, what's interesting about this sort of statutory construct is that you almost have to weave a web to go through all the regulations, all the statutes that might apply to some document that's covered by 1546. And it's sort of interesting that Congress decided to write the statute that way. I'm not sure you have to go that far, Your Honor. Well, that's why I asked you. Because, I mean, you certainly say immigration-related documents. In most cases, it's going to be a visa and a foreign passport for a nonimmigrant or an immigrant coming into this country. And even in the case that the counsel's relying on from the Ninth Circuit, they construed these documents to be immigration-related documents. But given that it seems so obvious that it must include passports, it is passing strange that Congress left it out, having just used passport in all the surrounding provisions. What are we to make of that? Well, that's what the Ninth Circuit said. And with respect to a U.S. passport, they said, well, that strongly suggests that they weren't considering passports, or U.S. passports in this case. But they also said that these are immigration-related documents. We know that in this case. What's different about a foreign passport is that it's not an immigration document issued by the United States government. Everything else, I believe everything else on that list is. Right. By the same token, Your Honor, had Congress wanted to say, this provision applies to U.S. government-issued documents, they could have said that. They didn't say that. So I think what we have is. Well, we have canons of statutory construction. Words are known by the company they keep where you look for what's common in a list. And what's common in that list is that they're all issued by the U.S. government. And were it not for the fact that there were all these provisions, these neighboring provisions that use passport, and it's omitted here, maybe that wouldn't be enough. But Congress surely had to have thought about it. That's where the friggin' visa goes. A lot of times, at least a visa's there, or the paper gets stuck in the passport, even if it's a separate paper. So it just seems almost calculated that Congress left passport out. Well, I guess what happened was in 1986, there were some cases prior to 1986 in which there were documents that were immigration-related documents that were not necessarily required. And so Congress wanted to expand it, and they changed required to prescribed by statute or regulation. So even if a defendant wasn't required, it was prescribed. Was there any case before the amendment where it had been held to include a passport, so Congress would have assumed to keep that meaning? Yes, there is one. One of the cases pertained to a Colombian passport, and it was one of the three cases. It's not Campo Serrano, but it's a circuit case. And I can find it for you. If it's in your briefs, I'll find it. But just your representation is there was a case before the amendment that held that that old, stricter language included foreign passports? So, Your Honor, it's Rostrepo Granda.   It's a case that was held prior to the amendment. It's a Fifth Circuit case. The Fifth Circuit held that possession of a U.S. visa issued to a third party was punishable under 1546 and suggested that it would not apply to a passport that violated the statute. So that's the backdrop against which Congress enacted this? That was one of the three cases against which Congress changed the law. That's correct. And they didn't do anything to clarify the status of passports? They didn't add the word passport expressly. But the two cases that came immediately thereafter in 1993 and around 2000, 2001, both said that passports fell within the plain meaning. And those two circuits conducted a close analysis. They looked at the statutes. They looked at the regulations. And, again, they didn't go into the subsidiary principles and interpretation that the Court is pointing to because they found that, strictly construed, the statute nonetheless applies plainly to foreign-issued passports. Well, Rostrepo Granda adopted the issued by the U.S. rule because it said the visa was issued by the U.S., and that's what was critical there. So, Rostrepo, going into this amendment, the cases we're holding that it applied to documents issued by the U.S. government I would have to look back at the case on that, Your Honor. Well, how does the rule of lenity factor in here given the complications that we've noted with the statutory text? Well, we would submit, again, that the rule of lenity certainly would apply. The statutes need to be strictly construed. They're criminal statutes. But where the plain meaning applies, it makes clear that the statute does apply to foreign-issued passports or immigration-related documents. They're plainly stated in the statute. Maybe a little bit of fishing, but not too much. It's a little hard to keep saying plain when now at least another circuit has said it's not plain at all and, in fact, they're not in there. Well, just to be clear, so the Ninth Circuit has said just this year, they said with respect to U.S. That's a case where a U.S. citizen with a U.S. passport with offense conduct that was captured by another statute because he used the passport to do something. That's not our case. And they said, based on these subsidiary canons of construction, these are immigration-related documents, and a U.S. passport is not a document that an immigrant or a non-immigrant coming into this country is going to use as immigration-related documents. None of those points apply in this case. They did point out, hey, you know, 1546. If I come in from abroad, is my U.S. passport not considered an immigration-related document? It's what lets me come in. Fraudulent U.S. passports made in foreign countries, really? When you're returning to this country, you're not immigrating into the country. People may use them, right, fraudulent ones. I'm not sure why. Are you suggesting there's a different role for U.S. and foreign passports? I'm saying that, as the Thompson analysis suggests, that the 1546. Is that the U.S. government position? I'm sorry? Is that the U.S. government position? If someone overseas makes up a fraudulent U.S. passport and uses that, that it wouldn't be covered by 1546? Is that the U.S. government's position? No, that is not our position. Our position is that 1546 would capture a U.S. passport. The Ninth Circuit is an outlier case. It didn't even address Rahman. It did not address OCME. But it is limited. I would suggest it's limited to its facts, where it's a U.S. The analysis turns on. The statute doesn't say for immigration. It says for entry. This is the Ninth Circuit. The Ninth Circuit looked at the position of the statute and said, These 1546 is immigration-related documents, and that's why they concluded that U.S. passports were not included. But, again, Your Honor, you asked a question earlier. I wanted to return to it, if I may, which is that we have to look at this through the lens of the ineffective assistance of statute law. At the time defendant Appellant entered his plea, the only decisional law available were two circuits who held that foreign-issued passports fell within the plain meaning of the statute. Surely this is a good plea offer. He got less than a year. He had another provision, which was dropped, which was a mandatory two-year consecutive term of incarceration. And so by pleading to this provision, he got less than a year. And certainly that counsel exercised his judgment fell within the wide range of reasonable assistance. But you have an argument not about the defendant's conduct, but about whether the charge is a crime at all, whether this is a crime that exists under that statute at all. And there's a colorable argument. Shouldn't attorneys have to raise that issue with their clients? It just might not be a crime at all. There's a colorable argument. There's no precedent in this circuit. Shouldn't that just be a very good rule for attorneys? Well, we don't know exactly what happened because we don't have any facts. The record is not developed. But what we do know is that this is something that should be explored. But certainly this is a point where there was no reason to think this was going to be a winning argument. Had he declined the plea and lost, then he would have been subject to a mandatory two-year term. I have one more question, almost like Padilla, about whether you need to raise the issues with the client to make an informed decision about whether what they're being charged with was a crime at all on the U.S. statutes. And so it's not that he would have had to say no, but you really have to inform them of this type of issue. It's just not a crime. There's no possession of a passport crime on the books. So you have to show it. You can say all that the counsel hears, you can say all the things you're suggesting, but an informed decision needs to be made, like happened in Padilla with immigration consequences. I understand what the Court is saying, but bear in mind that Strickland counsels us that we're not to look at this through the lens of hindsight. At the time, in 2014, when he entered this plea, there was no reason for counsel to say, hey, you have a colorable, maybe not a good, but a colorable claim that this doesn't qualify as a crime under 1546. Where is the law that would have pointed him in that direction? There is none. And so what would be the reason for him to reject a plea on that basis? That's speculation. And we pointed... It's not speculation. It's an argument that's worked now in one circuit about, it's not a frivolous argument. Well, you know that now, Your Honor, but how would Mr. Sullivan have known that then? Because you could look at the circuit and see when it applies a rule of lenity, when it strictly construes, and you've made a lot of concessions here this morning that surprised me a little bit. I mean, I know you keep saying 1546a is clear on its face, but in answer to my earlier question, you acknowledge you've got to go through 1181 and the regulations to get there. So you said that we must strictly construe criminal statutes, counsels' briefs, cites all those cases from other circuits, basically say that cite a Supreme Court case. So issues are open, but I'm not suggesting that we're in the process of second-guessing or applying hindsight, but the question is what was the colloquy that went on, if any, between counsel and his client along the lines that Judge Millett is raising? And all that we have a silent record, and the question is were this court to conclude that counsel's failure to advise his client that it was an open question in this circuit and that it wasn't clear unless you dug down into the regulations that this could be a crime, so it was unclear what might happen, then wouldn't we have to send it back for a hearing? Yes. All right. Well, that's assuming that there is still the deficiency issue which provides that even if counsel did miss the point, that nonetheless it fell within the wide range of reasonable assistance, and we cited a number of cases to the court for that proposition, but if the court was not convinced of that. No, my point is we would have to know what the record says. I mean, counsel may have given his client a lot of good reasons for entering this plea, but we don't know any of that, and suppose he didn't. If the court concludes that this is not a crime under the statute and if the court concludes that counsel somehow should have divined that fact and his failure to do so. No, I don't think that's what we're saying. That's what I'm trying to understand precisely what the government's position is here. Really, this question is at the first prong of Strickland, and what was counsel's obligation to his client? If I understand what the court is asking. In other words, answering that question doesn't necessarily require a court to hold, comma, does it, question mark, that 1546A does not clearly cover possession of an altered foreign diplomatic passport. If I understand the court's question, a remand for development of the record would only be appropriate if this court concluded A, that the statute did not cover the offense conduct in the colloquy, and B, that the conduct here, without more, does not fall within the wide range of reasonable assistance. Although it could if the record were developed, but on these facts, the court simply can't conclude that the failure to raise that is not deficient. We submit that on either of those grounds, this court could decide the case, either that this is a crime under 1546 or that the court need not decide that because given the state of the law at the time, a failure to raise that issue would be, assuming the proffer from appellant, would still nonetheless fall within the wide range of professional assistance. You put a lot of weight on the state of the law at the time, which is perfectly understandable because that's the time frame at issue here. If someone were presented with this plea today, would you agree that at least today, now that there's a circuit conflict, it would be incumbent on competent counsel to at least raise the issue with the client and still recommend, look, this is a great deal for X, Y, and Z reasons or the majority of circuits is the way it's going to go. But given the circuit, when there's a circuit conflict, they have to at least raise the question of whether this is a crime at all with their client and let the client make that informed decision under the DIA analysis. I think it's certainly a tougher question at this point. I know it's a tougher question, which is why I'm asking it of you. And so given how much weight you've put on the importance of looking at the state of the law at the time, what is the position of the U.S. government now as to this narrow question of whether something is a crime at all? Well, again, I think it would certainly be better to raise it, and I know that you're asking me to say definitively one way or the other, and I can't do that without going back and rereading the data, Your Honor. I think certainly at the time, I don't think it certainly wouldn't be, and I'm not aware of any case that would say that the failure to anticipate a change in the law like this is deficient, which is what the court would have to say to remand the case. The other question I had is the indictment in this case doesn't seem to charge a crime at all either because the indictment doesn't say that the document is one that's required by statute or regulation for entry or to stay within the United States. It omits that critical language. How does that factor in? So you've got an indictment that doesn't seem to allege the critical element of the crime, and you've got an open question about whether it's a crime. Is that something that we factor into our confidence analysis? Your Honor, I've got the indictment in front of me now. Could I ask you to point me in the direction that the court is looking? Let's see. So he knew that it was altered and procured by false names, but it doesn't say that he knew it was required by statute or regulation. But look at the first sentence of count one. The knowingly altered, I thought that was the altered. Knowingly altered a document prescribed by statute or regulation for entry. But the possession doesn't have that knowing. But he didn't plead to the altering, right? He didn't plead to the altering. He plead to possession, knowing possession of an altered document. So is that a lesser included offense? They have to know it was required, right?  And possess such document knowing it to be altered. The Fourth Circuit parsed the elements here, and I cited that to the court. Obviously, this is an issue that wasn't raised before. Anything further? Your Honor, I'm not sure if I could. Judge, you suggested I had conceded some things. I wasn't sure what I had conceded. Well, but we strictly construe criminal statutes that the rule of lenity applies. Well, certainly the two cases that we have in front of us, both concluded that they strictly construed the statute when they found that foreign-issued passports fell within the plain meaning. So you're just relying on the other circuits in saying that? Yeah. Okay. If there are no further questions, the government will submit. All right, counsel for appellant. Take a couple of minutes here. Even in 2014, counsel should have known that this was an issue based on reading the statute itself and also based on Campos Serrano, which narrowly construes this statute and whose analysis supports our argument here. I just want to point out that there really are very few cases addressing this, and now there is a split in the circuit. But that's because people who commit this conduct get charged under 1543. They don't get charged under 1546. That's an aberration. Well, not for possession. Do they get charged for possession? In the 1543 cases, well, I can't really tell you whether it's possession or actually altering. I wasn't reading them with that in mind. On this question of whether counsel has an obligation to notify a client about, it's a colorful question, or an unanswered question within the jurisdiction as to whether something's a crime at all, have there been any cases on things like honest services fraud, or anything like that? Have other courts addressed this question of whether it's a special obligation to address criminality itself in a PIDEA framework, or does that just look like, you know, your client admitted that violated this statute. That's what he was pleading to. Well, the client doesn't really know what statute they've violated. They need their counsel for that. They know what conduct they've committed, but they need their counsel to tell them whether that's a violation of this statute or that statute. Mr. Viner wasn't prepared to make that assessment on his own, and it was his counsel's obligation to help him make that assessment. And I just want to sort of hearken back to our second argument, which is even if it is included in 1546, you've got to look at the statutes and regulations for entry into the United States, and they require a valid unexpired passport, and this wasn't an unexpired passport. That might be an absurd result to say that he's not guilty of 1546 because the passport had expired, but that's because he shouldn't be charged under 1546. He should be charged under 1543. We ask the Court to vacate the conviction. Thank you. Thank you. We'll take the case under advisement.
judges: Rogers, Brown, Millett